IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| STEPHEN HUGUELEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 09-1181-JDB-egb |
| | ) |
| WAYNE CARPENTER, Warden, | ) |
| Riverbend Maximum Security | ) |
| Institution, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS CLAIMS I, J, & K AND
DIRECTING PARTIES TO MEET AND CONFER IN GOOD FAITH AND
FILE A JOINT REPORT REGARDING DISCOVERY DISPUTE**

On February 2, 2015, Respondent, Wayne Carpenter, through counsel, filed a motion to dismiss Claims I, J, and K of the Second Amended Petition or to prohibit reliance on undisclosed facts or evidence. (Docket Entry ("D.E.") 110.) Respondent filed the motion, pursuant to Fed. R. Civ. P. 37(b) and 41(b), seeking relief from purported deficiencies in Petitioner's responses to discovery. (*See* D.E. 110-1 at 2–3.) On February 3, 2015, Petitioner, Stephen Hugueley, filed a response. (D.E. 111.)

On October 16, 2014, the Court granted Respondent discovery. (D.E. 103.) His discovery requests relate to Claims I, J, and K of the Second Amended Petition alleging ineffective assistance of trial counsel. (*See* D.E. 86-1 at 2; *see also* D.E. 58 at 7–18.) The Court stated,

> Without knowledge of the facts supporting Petitioner's claims and procedural default arguments, Respondent cannot prepare a defense. He is only seeking information materially related to the claims raised in the petition and, therefore, has established good cause. . . . Respondent's requests are reasonable and appropriate under Habeas Rule 12.

(D.E. 103 at 7.)

On January 14, 2015, Hugueley served his answers to interrogatories and to the requests for production of documents. (*See* D.E. 110-2; D.E. 110-3.) Respondent asserts that Petitioner's responses "consist of across-the-board objections" and fail to include any pertinent information relevant to Claims I, J, and K. (D.E. 110-1 at 3; *see* D.E. 110-2; D.E. 110-3.) The Warden contends that Petitioner has violated the Court's August 1, 2013, order by not filing a petition that complies with Habeas Rule 2, and the Court's October 16, 2014 discovery order by merely objecting to discovery requests and failing to respond to discovery "in any meaningful way." (D.E. 110-1 at 3, 6–7.) Respondent argues that the Court has forewarned Petitioner about the threat of dismissal upon future violation of the Court's orders and has exhibited leniency by declining to impose sanctions for Petitioner's previous violations. (*Id.* at 10; *see* D.E. 57.)

Carpenter asserts that the Court acknowledged that Petitioner's attempts to delay the federal proceedings were not supported by good cause. (D.E. 110-1 at 3.)[1] He insists that Petitioner's *pro se* filings in the federal proceedings reflect "an abuse of process consistent with that displayed in state court." (*Id.* at 7.) Respondent submits that Petitioner's combined dilatory *pro se* filings and non-compliance with court orders "demonstrate bad faith and support dismissal of Claims I, J, and K" or the prohibition against Petitioner later offering new evidence or new facts to support these claims. (*Id.* at 8, 11.) According to the Warden, such dilatory conduct has prejudiced him. (*Id.* at 9.)

Respondent includes a certificate of consultation with his memorandum supporting the instant motion which states that Respondent's counsel Nicholas Spangler contacted Petitioner's counsel Amy Harwell by e-mail on January 29, and February 2, 2015, regarding this motion, and

---

[1] The Court determined that Petitioner's attempts to exhaust claims in state court were "untimely" and did not require a stay of federal proceedings. (D.E. 109 at 26, 29.) The Court has also noted "orchestrated delays" in the state court proceedings. (*Id.* at 26 n.6.)

Harwell stated that a motion to dismiss as a sanction was premature. (*Id.* at 12; *see* D.E. 111-1; D.E. 111-2; D.E. 111-3.)

Hugueley requests that Respondent's motion to dismiss be denied and that the parties be required to confer in good faith, under the supervision of the magistrate judge, if necessary, to resolve the remaining discovery disputes. (D.E. 111 at 1.) In response to the Court's order granting Respondent's discovery, Petitioner's counsel has designated and made available thirty-four boxes of materials for review, inspection, and copying, and as of February 3, 2015, Respondent had not reviewed any of them. (*Id.* at 1–2.) Petitioner proposed that the parties meet at a discovery conference on Thursday, February 5, 2015, but Respondent instead filed the instant motion to dismiss. (*Id.* at 1.) Petitioner notes that "[t]here have been no meetings, no phone conversations, and no good faith attempts to resolve the discovery dispute." (*Id.*) Therefore, Hugueley maintains, Respondent's filings do not accurately reflect Petitioner's good faith attempts at resolution of this matter. (*Id.* at 2.) The inmate's counsel further contends that Respondent's attribution of fault to Petitioner himself is misplaced because he is incompetent and unable to assist counsel. (*Id.* at 2, 7.)

Petitioner asserts that, instead of reviewing the discovery provided, Respondent informed counsel that he intended to file the instant motion. (*Id.* at 1.) However, "Respondent fail[ed] to report to the Court that Petitioner's counsel attempted to resolve this discovery dispute . . . ." (*Id.* at 3.) Petitioner contends that they have attempted to comply with Fed. R. Civ. P. 37 in good faith, but Respondent has "jumped the gun" in requesting sanctions. (*Id.* at 8.) Further, Petitioner disputes that he has violated the Court's orders. (*Id.* at 9–10.)

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") controls discovery in these proceedings, and Rule 12 allows for the application of the Federal Rules of Civil Procedure that are "not inconsistent with . . . these rules." The Court

3

granted Respondent discovery pursuant to Rule 6 based on a showing of good cause. (D.E. 103 at 7.) Hugueley's answers to interrogatories were merely objections. (*See* D.E. 110-2.) The responses to the requests for production of documents also contained objections but provided for the inspection of "documents and things consistent with the spirit of" the requests for production. (D.E. 110-3.) At the time of filing the instant motion, Respondent had not reviewed those documents. Since then, the Warden has filed a motion for summary judgment wherein he states that he does not abandon the instant motion but "merely intends to supply alternative bases for dismissing Claims I, J, and K." (D.E. 112-1 at 2.) Neither party has indicated whether Respondent has reviewed the documents, whether the answers to interrogatories or responses to requests for production of documents have been supplemented,[2] or whether the parties have met and conferred to address the discovery dispute.

Fed. R. Civ. P 37 addresses the failure to make disclosures or to cooperate in discovery. Respondent submitted his motion pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with a court order. (D.E. 110-1 at 4–5.) Fed. R. Civ. P. 37(b)(2)(A) states:

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[2] The parties are reminded of an ongoing duty to supplement discovery responses Fed. R. Civ. P. 26(e). (*See* D.E. 103 at 7.)

        (iii) striking pleadings in whole or in part;

        (iv) staying further proceedings until the order is obeyed;

        (v) dismissing the action or proceeding in whole or in part;

        (vi) rendering a default judgment against the disobedient party; or

        (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In the instant case, discovery was ordered pursuant to Habeas Rule 6. Respondent is not satisfied with the responses given. The Warden makes a valid argument that Petitioner did not object to the discovery in response to Respondent's motion for discovery, but now asserts multiple objections without providing any answers. (*See* D.E. 110-1 at 8–9.)

The Sixth Circuit has applied four factors in consideration of dismissal under Fed. R. Civ. P. 37(b)(2) or 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*See Bryant v. United States, ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 210 (6th Cir. 2006) (quoting *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002)).

Although Respondent raises arguments about prejudice, delay, and prior warnings by the Court related to other matters, these factors do not appear to warrant dismissal in the instant case. Petitioner has not completely failed to respond to discovery. Further, any deficiency in his discovery response does not appear to be from willfulness, bad faith, or fault.

The e-mail correspondence indicates that Respondent's counsel sent an e-mail on Thursday, January 29, 2015, at 9:14 a.m. to Harwell stating that he planned to file a motion no later

5

than the afternoon of the following Monday, February 2, 2015. (D.E. 111-1 at 2.) On January 29, 2015, at 4:38 p.m., Harwell responded and proposed that they meet at a discovery conference on February 5, 2015, to address his concerns. (D.E. 111-2 at 2.) On February 2, 2015, at 10:20 a.m., Respondent's counsel replied to Harwell stating that it was Respondent's position that the Court's order had been violated and that the motion would be filed. (D.E. 111-3 at 2.) Respondent's counsel filed the motion to dismiss eight minutes later at 10:28 a.m. Hugueley's counsel appeared to be acting in good faith to resolve the discovery dispute. Respondent's counsel was simply not willing to delay filing the motion.

The Court declines to impose the sanctions Respondent seeks under Fed. R. Civ. P. 37(b)(2)(A) at this time. Petitioner's motion to dismiss Claims I, J, and K is DENIED.

The purported deficiencies in discovery are better addressed through Fed. Civ. P. 37(a)(1) related to a motion for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1) states:

> ***In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Respondent stated that his counsel had contacted Petitioner's counsel via e-mail on January 29 and February 2, 2015, however he did not include a certification that he had conferred with Petitioner's counsel in good faith in an effort to resolve the discovery dispute. Further, based on the e-mail correspondence, supra pp. 5–6, the Court has concerns about the parties' willingness to cooperate in their ongoing disagreement.

The parties shall meet and confer in **good faith** with regard to Petitioner's discovery responses in an effort to resolve the discovery dispute without further intervention of the Court. No later than **May 1, 2015**, the parties shall prepare and file a joint report about the status of the

6

discovery dispute including agreements reached by the parties, unresolved issues, each party's position with respect to remaining disputed issues, and requested relief, if any. The parties are advised that any agreements relating to discovery shall be made to allow Petitioner to timely respond to the motion for summary judgment on or before June 13, 2015, and also permit Respondent to file a timely reply. (*See* D.E. 118.)

Failure of the parties to seek in good faith a resolution of their dispute may result in further sanctions allowed under Rule 37.[3]

IT IS SO ORDERED this 16th day of April 2015.

                                               s/ J. DANIEL BREEN
                                               CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The parties are further reminded that, with the exception of the issues raised in Respondent's discovery requests, the Court deems discovery in this matter closed. This case is in the dispositive motion stage and being prepared for final disposition.