IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| STEPHEN HUGUELEY,<br><br>    Petitioner,<br><br>vs.<br><br>BRUCE WESTBROOKS, Warden,<br>Riverbend Maximum Security<br>Institution,<br><br>    Respondent. | No. 09-1181-JDB-egb |

**AMENDMENT TO ORDER DENYING PETITION,
ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

Pursuant to Federal Rule of Civil Procedure 60(a), the Court amends its Order dated August 3, 2017 (ECF No. 144), to address the United States Supreme Court's recent decision in *Davila v. Davis*, 137 S. Ct. 2058 (2017). In Claim L, Petitioner, Stephen Hugueley, alleged ineffective assistance of appellate counsel and argued that he could overcome the procedural default of this claim, relying on *Martinez v. Ryan*, 566 U.S. 1 (2012). (*See* ECF No. 144 at PageID 7835-36.) The Court denied the claim as procedurally defaulted in accordance with Sixth Circuit precedent in *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). (*Id.* at PageID 7836.) However, the Court amends its Order to state that Claim L still should be dismissed as procedurally defaulted because *Davila* resolved a circuit split and, like the Sixth Circuit, declined to extend the equitable exception in *Martinez* to ineffective assistance of appellate counsel claims. *Davila*, 137 S. Ct. at 2070 ("[W]e do not think equity requires an expansion of the *Martinez*."). All other issues addressed in the Order denying the petition shall remain as stated.

In its original Order, the Court granted a limited certificate of appealability for Claim L. (ECF No. 144 at PageID 7837.) As the issue raised in *Davila* has been resolved, the Court denies the certificate of appealability for Claim L and the remaining claims in Hugueley's petition and certifies that an appeal would not be taken in good faith.[1]

IT IS SO ORDERED this 9th day of August 2017.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).