IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN HUGUELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:09-cv-01181-JDB-egb |
| | ) | |
| TONY MAYS, Warden, | ) | |
| Riverbend Maximum Security | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

---

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

---

On August 29, 2017, Petitioner, Stephen Hugueley, through counsel, filed a motion to

alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e), seeking relief from

the Court's orders dated August 3 and 9, 2017 (Docket Entry ("D.E.") 144; D.E. 145). (D.E. 147

at PageID 7842.) On September 21, 2017, Respondent filed a response. (D.E. 152.) Hugueley's

motion is DENIED for failure to satisfy the requirements of Rule 59.

## I. STANDARD

A motion filed pursuant to Fed. R. Civ. P. 59(e) allows a court to alter or amend a

judgment. "The purpose of Rule 59(e) is to allow the district court 'to correct its own errors,

sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'"

*Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322,

326 (6th Cir. 1988)). "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of

Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an

intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v.*

*Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has "repeatedly held" that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *See Howard*, 533 F.3d at 475 (citation omitted). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). A motion to alter or amend is an "extraordinary remedy" that should be granted "sparingly." *Cole v. Lester*, No. 3:12-cv-00704, 2015 WL 1650275, at *1 (M.D. Tenn. Apr. 14, 2015). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court . . . ." *Betts*, 558 F.3d at 467 (quoting *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005), *abrogated on other grounds by Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015)).

## II.    ANALYSIS

Hugueley alleged that the State violated *Batson v. Kentucky*, 476 U.S. 79 (1986), in the race-based striking of potential jurors Hudson, Gibbs, Pirtle, and Prewitt[1] and requests that the Court alter or amend its orders with regard to these *Batson* claims. (D.E. 147 at PageID 7842; D.E. 58 at PageID 4663-64.) He asserts that the Court should grant an evidentiary hearing on the procedurally defaulted *Batson* claims and grant *de novo* review on the Pruitt claim. (D.E. 147 at PageID 7843.) In the alternative, Hugueley contends that the Court should amend its judgment to grant a certificate of appealability ("COA") on these claims. (*Id.* at PageID 7843-44, 7853.)

---

[1] The potential juror's name is spelled "Prewitt" on her jury questionnaire and "Pruitt" in the transcript, Tennessee Supreme Court opinion, and the Court's August 3, 2017 order. (*See* D.E. 144 at PageID 7751 n.17; D.E. 127 at PageID 5529 n.2.) For consistency with the Court's prior order, the Court will hereinafter refer to this potential juror as "Pruitt."

## A. Hudson, Gibbs, and Pirtle

Hugueley did not object at trial to the removal of prospective jurors Hudson, Gibbs, and Pirtle based on *Batson*. *See State v. Hugueley*, 185 S.W.3d 356, 369 (Tenn. 2006). On direct appeal, the Tennessee Supreme Court determined that the claims were waived under Tenn. R. App. P. 36(a). *Id.* Rule 36(a) states that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." This Court determined that the claim was procedurally barred from review and denied habeas relief. (*See* D.E. 144 at PageID 7736-41.)

Hugueley argues that the Court made a "clear error of law." (D.E. 147 at PageID 7843.) He contends that there is a well-recognized exception to Tennessee's waiver rule in capital cases and that waiver is not an adequate and independent state law ground that bars the merits review of this claim. (D.E. 147 at PageID 7843-45.) Hugueley relies on *State v. Rimmer*, 250 S.W.3d 12, 32 (Tenn. 2008), for the assertion that there is an exception to the waiver doctrine in capital cases. (*Id.* at PageID 7844-45.) He cites *State v. Duncan*, 698 S.W.2d 63, 67–68 (Tenn. 1985), and *State v. Martin*, 702 S.W.2d 560, 564 (Tenn. 1985),[2] for the argument that "non-waiver" exists in capital cases. (*Id.* at PageID 7845.) *Duncan* and *Martin* address the admissibility or suppression of evidence at trial and jury instructions, not *Batson*.

Hugueley insists that he did not violate a clearly established, regularly applied state procedural rule by raising these *Batson* challenges for the first time on appeal. (*Id.* at PageID 7844.) He contends that this Court overlooked the "laundry list" of cases where the Tennessee Supreme Court addressed claims on the merits despite the fact that those claims were not raised

---

[2] *Martin* was overruled by *State v. Brown*, 836 S.W.2d 530 (Tenn. 1992), on other grounds.

in the trial court. (*Id.* at PageID 7845-46.) Hugueley states that he need not show that the exception was applied consistently, but only that the exception is "not 'firmly established and regularly followed.'" (*Id.* (quoting *Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)).)

Petitioner made the same argument in his response to the motion for summary judgment. (*See* D.E. 127 at PageID 5667-73.) Rule 59(e) "does not afford parties an opportunity to reargue their case." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Respondent argues that, even if Tennessee's contemporaneous-objection rule is discretionary in capital cases, a discretionary rule may still be firmly established and regularly followed for purposes of barring habeas review. (D.E. 152 at PageID 7875-76.)

The Tennessee Supreme Court stated that "Rules 13(b) and 36(a) of the Tennessee Rules of Appellate Procedure, considered together, give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice." *In re Kaliyah S.*, 455 S.W.3d 533, 540 (Tenn. 2015). The Tennessee Supreme Court also held that "[i]n an ordinary, non-capital criminal case, arguments not first raised in the trial court are waived on appeal." *State v. Willis*, 496 S.W.3d 653, 707 (Tenn. 2016), *cert. denied*, 137 S. Ct. 1224 (2017).[3] In *Stephenson*, the Tennessee Supreme Court noted that the General Assembly did not contemplate that the doctrine of waiver should not apply at capital sentencing. *State v. Stephenson*, 195 S.W.3d 574, 592 (Tenn. 2006), *abrogated on other grounds by State v. Watkins*, 362 S.W.3d 530 (Tenn. 2012). The Tennessee Court of Criminal Appeals in *Lewis* ruled that "failure to object to a *Batson* issue prior to the swearing of the jury results in waiver of the issue

---

[3] The court in *Willis* applied plain-error review to suppression issues because of the mandatory review requirements for capital cases in Tenn. Code. Ann. § 39-13-206(a)(1). *Willis*, 496 S.W.3d at 707; *see State v. Dotson*, 450 S.W.3d 1, 48-49 (Tenn. 2014) (applying plain-error review in capital cases where the suppression issue was raised for the first time on appeal).

on direct appeal." *Lewis v. State*, No. W2015-01249-CCA-R3P-C, 2016 WL 7654956, at *13 (Tenn. Crim. App. Sept. 21, 2016), *cert. denied* (Tenn. Jan. 20, 2017); *see Johnson v. State*, No. 02C01-9707-CR-00292, 1999 WL 608861, at *13–14 (Tenn. Crim. App. Aug. 12, 1999) (waiver of *Batson* claim in a capital case by raising issue for the first time on direct appeal); *cf. State v. Godwin*, No. W2013-01602-CCA-R3-CD, 2014 WL 895497, at *9-10 (Tenn. Crim. App. Mar. 6, 2014) (although inclined to invoke waiver due to defense counsel's failure to make a contemporaneous objection or argument, the appellate court reviewed the merits of the *Batson* claim because the trial court proactively raised the *Batson* issue *sua sponte* and reviewed the race-neutral reasons for the strikes, thus creating an "understanding" that the court had ruled on the *Batson* claims). Tennessee courts have found waiver of other types of claims in capital cases besides *Batson* issues for failure to object to them at trial. *See, e.g.*, *State v. Henretta*, 325 S.W.3d 112, 125 (Tenn. 2010) (failure to object to prosecutor's argument at capital sentencing hearing resulted in waiver on appeal); *State v. Howell*, 868 S.W.2d 238, 254 (Tenn. 1993) (based on Tenn. R. App. P. 36(a), the court waived a trial court error claim about redaction of preliminary hearing testimony that was not raised until the motion for new trial).

As shown here and in the Court's August 3, 2017 order, the purported exception to the waiver doctrine in capital cases has not been applied consistently. A discretionary state procedural rule like Tenn. R. App. P. 36(a) is as an adequate ground to bar federal habeas review. *See Beard v. Kindler*, 558 U.S. 53, 60-61 (2009); *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) ("even wholly discretionary state procedural rules may constitute adequate state grounds for foreclosing federal review of a habeas claim"). Hugueley has not demonstrated a clear error of law or manifest injustice that would entitle him to relief under Rule 59 on these procedurally defaulted *Batson* claims.

**B.      Pruitt**

Hugueley maintains that the Court made a "clear error of law" in its analysis of the *Batson* claim involving Helen Pruitt.  (D.E. 147 at PageID 7843.)  He asserts that the decision conflicts with *Snyder v. Louisiana*, 552 U.S. 472 (2008), and would be a manifest injustice if allowed to stand.  (*Id.*)

Petitioner argues that the Court should conclude that the state court's decision was contrary to and an unreasonable application of *Batson*.  (*Id.* at PageID 7847.)  He contends that the state court's conclusion that the strike against Helen Pruitt was not race-based is not entitled to deference because the trial court never credited the prosecution's reasons for the strike as true. (*Id.*)  Further, Hugueley asserts that there was clear and convincing evidence that the prosecution's purported reasons for the strike were implausible and false.  (*Id.*)  He points out that, just before the prosecution commented about Pruitt's demeanor, they stated that there were other African-Americans who had been selected for the jury, a comment that was not race-neutral and contrary to *Batson*.  (*Id.* at PageID 7847-48.)  Hugueley states that the Court should conduct *de novo* review of this *Batson* claim.  (*Id.* at PageID 7848.)

The inmate submits that *Snyder* made it clear that when a trial judge is given two explanations for a strike and the judge does not make a specific finding on the record simply allowing the challenge without explanation, the reviewing court cannot presume that the judge relied on a valid, race-neutral reason.  (*Id.*)  Hugueley asserts that the prosecution gave three reasons for striking Pruitt, and the trial court did not make a finding as to which of the purported reasons was credited.  (*Id.* at PageID 7848-49.)  He argues that the record demonstrates that all three reasons are invalid and pretextual and that the trial court's failure to make a specific finding

crediting the prosecutor's assertions about the juror's actual demeanor does not comply with *Batson*. (*Id.* at PageID 7849.)

The three reasons for Pruitt's dismissal, according to Hugueley, were that: (1) "she looked like she was going to cry to the point that I backed off asking her questions"; (2) "when she was going in the jury box she got teary-eyed again and was shaking her head no"; and (3) they "still have four (African-Americans) on there." (*Id.*) Petitioner contends that the trial court did not make any findings on Pruitt's demeanor and did not indicate which of the proffered reasons it found to be race neutral. (*Id.*) He asserts that the trial court simply stated "[t]hat's not racially motivated." (*Id.*)

Much of Hugueley's argument is repetitive of that previously made on summary judgment. His contentions about Pruitt's placement in the jury box and whether the prosecutor "backed off" from questioning have been addressed by the Court. (*See* D.E. 144 at PageID 7755-56.) The Court emphasized the deference owed the trial court in judging the credibility and demeanor of the juror and the prosecutor. (*See id.* at PageID 7756-57.) *See Braxton v. Gansheimer*, 561 F.3d 453, 462, 466 (6th Cir. 2009) (interpretation of the nuances of demeanor are left to the trial court). In *Rice v. Collins*, 546 U.S. 333, 341-42 (2006), the United States Supreme Court stated that "[r]easonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination."

Hugueley claims that the trial court's determination that the strike was not racially motivated was contrary to and an unreasonable application of clearly established Supreme Court rulings, given the comment about there still being four African-Americans on the jury. (D.E. 147 at PageID 7851.) The Tennessee Supreme Court applied the appropriate Supreme Court

precedent in *Batson* and *Miller EL II*.[4]  *See Hugueley*, 185 S.W.3d at 368-375.  The trial court in the instant case found that the strike was not racially motivated and that there was no purposeful discrimination.   Hugueley argues that the prosecutor's mention of the number of African-American jurors who had been selected shows that the prosecution's reasons for striking the juror were pretext.  (*See* D.E. 147 at PageID 7851-7852.)  The prosecution's statement was after the race-neutral explanation for the strike had been asserted and in response to defense counsel's attempts to show a pattern of discrimination in the strikes.  (*See* D.E. 41-3 at PageID 511.)  The presence of one or more members of a particular race does not preclude the *Batson* claim if the strike is race-based.  *United States v. Harris,* 192 F.3d 580, 587 (6th Cir. 1999); *see United States v. Martin*, 516 F. App'x 433, 450 (6th Cir. 2013) (no relief where the government proffered a racial neutral reason for the strike and the court did not rely on the fact that there was only one African-American juror).  Still, the prosecutor's reason for the strike should be deemed neutral if facially based on something other than the race or gender of the juror.  *Hernandez v. New York*, 500 U.S. 352, 359-360 (1991).  In this case, the juror's demeanor was the reason offered for the strike.  *Batson*'s purpose is not to preclude legitimate strikes based on demeanor merely because of a person's race.  *See Hernandez*, 500 U.S. at 360 ("official action will not be held unconstitutional solely because it results in a racially discriminatory impact. . . .  Proof of racially discriminatory intent or purpose is required . . . ." (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977))).  Further, there was no disagreement about the juror's demeanor from the judge or defense counsel, who were present at trial, or other evidence of pretext presented at trial.  *See Hugueley*, 185 S.W.3d at 375 ("that defense counsel did not in any way indicate during the jury selection process that the prosecution's description of Ms.

---

[4] *Miller-El v. Dretke*, 545 U.S. 231 (2005).

Pruitt's conduct in the jury box was inaccurate").  Hugueley's counsel did not satisfy his burden of persuasion with regard to pretext in the *Batson* context.  *See Rice*, 546 U.S. at 338 (the burden of persuasion rests on the party opposing the strike).  Hugueley's disagreement with the trial court's determination that the strike against Pruitt was not racially motived, without clear and convincing evidence to the contrary, does not create a clear error of law or manifest injustice.  Petitioner has not demonstrated entitlement to habeas relief under Rule 59.

Further, as stated supra in the Court's August 3, 2017 order, Hugueley is not entitled to a COA on these *Batson* claims.  (*See* D.E. 144 at PageID 7837-38.)

## III.  CONCLUSION

Hugueley's motion to alter or amend judgment is DENIED.

IT IS SO ORDERED this 17th day of November 2017.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE